WOLFE, P. J.,
— Before the court is appellant’s petition on appeal from suspension of her operator’s license.
*751 Petitioner received a notice from the Department of Revenue, Bureau of Traffic Safety, to appear for a special examination to be given by the Pennsylvania State Police at a designated station attached to the notice. The notice requests the examinee to present the notice form to the examining officer at the time of the test as his authority to give the examination free of charge. The notice further states that failure to comply within 30 days from the date thereof a suspension will result in the examinee’s operating privileges. In the lower left corner of the notice the trooper is advised that he is authorized to examine the bearer and submit his report to the Bureau of Traffic Safety.
At the time of the hearing, there were no witnesses for the Commonwealth; however, petitioner appeared and testified that she received the aforesaid notice to attend the reexamination clinic by reason of a motor vehicle violation and that she did, in fact, attend the designated station thereon before the expiration of the 30-day period from the date hereof but did not take the reexam notice with her because it had been lost or misplaced. It was petitioner’s testimony that when she arrived at the station the officer in charge told her he could not give her the examination because she failed to display the examination notice and consequently refused to examine her. The officer did, however, advise petitioner to write to the Department of Transportation at Harrisburg, which petitioner did on January 12, 1971, but received no reply therefrom, requesting in her letter another re-exam notice.
On Febuary 16, 1971, petitioner received notice of additional five points assigned to her record which made a total of 14 accumulated points less three points for attending driver’s school or a net accumula *752 tion of 11 points which resulted in a 60-day suspension imposed as mandated by section 619.1G, I and K.
Following this notification to return her operator’s license, petitioner appealed and this court granted a supersedeas.
The narrow issue before the court is whether petitioner complied with the authorized request of the Secretary to take the examination. The Commonwealth argued that defendant’s failure to present the official notice to the examining officer was tantamount to a conviction and, consequently, the Secretary was within legal bounds in assessing five points under section 619.1G which provides:
“When any person’s record has been reduced below 6 points and for the second time shows as many as 6 points, the Secretary shall require a special examination as provided in Section 608(g) of this Act, and may again require such person to attend an approved driver’s improvement school and/or clinic and shall so notify such person in writing. If such person fails to attend and satisfactorily complete the requirements of the examination, or the approved driver improvement school or clinic an additional 5 points shall be assigned to his record and his operator’s license or learner’s permit shall be suspended as provided in Section (k) of this section.”
Obviously, there is no mandatory requirement in the foregoing section that the examining officer may refuse to give an examination if the examinee appears without it, nor is there anything within the contents of the notice to the examinee itself that makes it mandatory that it be presented to the examining officer.
Here, petitioner’s testimony established she had three small children, that she recognized she should keep the letter for examination purposes but was fearful one of the children had destroyed it while she *753 was at her place of employment. All of this was related to the examining officer who, in turn, suggested petitioner write these facts to the secretary which she did.
There was no question that the secretary has made a reasonable request that the letter of examination be submitted to the examining officer to prevent anyone from requesting or demanding an examination without any justification therefor and thereby consuming the time of the examining personnel and, in addition, it gives the examining personnel the authority to give the examination and completes the record in the case for the use of the Commonwealth. This, of course, is reasonable and also necessary to make complete records in each case. However, until the legislature has seen fit to make the tendering of the letter to the examining officer mandatory, this court is of the opinion that the secretary is without authority to automatically assess five points on the basis that such failure results in a failure of an examinee to complete the requirements of the examination. Here, petitioner did all that was possible of her under the circumstances and did not act recklessly or carelessly or in any way intend to circumvent the directional, language of the notice. It is apparent that the section in question permits additional points if an examinee fails to complete the requirements of examination, but if examinee is not permitted to take the examination by the refusal of the examining officer to give it, certainly this should not be assessed against the examinee under these particular facts. The court is mindful that the secretary must have some standard procedure to follow in this type of case; however, the examinee must also have access to relief under justifiable circumstances as in this case.
Consequently, the court finds that the failure of petitioner to act was not of her doing and did all *754 that was possible to correct the situation and makes the following order:
ORDER
And now, to wit, this May 3, 1971, the action of the secretary in assessing five points to the record of Leann A. Rutherford is vacated and her operating privileges are restored. Exceptions noted to the Commonwealth.